(No. 1105—Claimant awarded $1,460.00.)

CARL JONES, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed April 29, 1927.*

RESPONDEAT SUPERIOR—*when State not liable. State employee.* The doctrine of *Respondeat Superior* is not applicable to the State, and it is not liable for injuries sustained by its employees while in the performance of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made. Compensation act.* An award may be made to an employee of the State who is injured while in the discharge of his duty, and compensation fixed under the provisions of the Workmen's Compensation act.

OSCAR J. PUTTING and W. E. LINDGREN, for claimant.

OSCAR E. CARLSTROM, Attorney General; MERRILL F. WEHM-HOFF, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed by claimant on December 11, 1926, alleges that claimant on July 6, A. D. 1925, was an employee of the State of Illinois in the highway department at Springfield, Illinois, such employment being as a laborer at the

Illinois State Fair Grounds, which employment was under the supervision and direction of Robert Abels, foreman of laborers; that on said day and at said place, he was ordered and directed by his foreman, Robert Abels, to saw certain stakes on a rip saw, which was located at the big barn at the northeast corner of the Illinois State Fair Grounds, Springfield, Illinois; that while thus engaged in sawing stakes on said rip saw, the glove on his left hand caught in the saw, causing his left hand to be severely cut, bruised and lacerated and cutting off his first finger on said left hand; that he spent, to-wit, $300.00 endeavoring to be cured from said wounds, and he makes a claim for $2,000.00 from the State of Illinois.

The demurrer filed by the Attorney General of the State of Illinois is sustained, as a matter of law.

From the testimony, it appears that claimant sustained a total permanent loss of the thumb and index finger on his left hand. While there is no legal liability on the part of the State of Illinois to make an award on account of the injuries to claimant, as a matter of equity and social justice, we award to claimant the sum which he would be entitled to receive were he employed under the provisions of the Workmen's Compensation Act of the State of Illinois, or $200.00 hospital and doctor bills, and $1,260.00 for the total permanent loss of both thumb and index finger, or a total award of $1,460.00.